758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOYCE E. ANTHONY, PLAINTIFF-APPELLANT,
v.
MITCH MCCONNELL, JAMES D. GREENE, COMMONWEALTH OF KENTUCKY,
DEFENDANTS- APPELLEES.
 NO. 84-5458
 United States Court of Appeals, Sixth Circuit.
 2/18/85
 ORDER
 
 1
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and BERTELSMAN, District Judge.*
 
 
 2
 Plaintiff moves for appointment of counsel on appeal from an order dismissing her civil rights complaint. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff alleges in her complaint that defendants unlawfully deprived her of property by obtaining a default judgment against her in Jefferson County (Kentucky) Circuit Court. The judgment enforced a mortgage and ordered plaintiff's real property to be sold to be highest bidder to satisfy the judgment. Plaintiff alleges she was not served with a copy of the summons as required by Kentucky law. The defendants are the Commonwealth of Kentucky, Mitch McConnell, former judge of the Jefferson County Circuit Court, and James D. Greene, Sheriff of Jefferson County. Plaintiff seeks $1 million in compensatory damages and $1 million punitive damages.
 
 
 4
 The district court dismissed the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure. Upon consideration, we affirm the district court's decision on grounds other than those stated by the district court.
 
 
 5
 In Vicory v. Walton, 721 F.2d 1062, 1063 (6th Cir. 1983), cert. denied, ---- U.S. ----, 53 U.S.L.W. 3237 (October 1, 1984), this Court held that in civil rights suits for deprivation of property without procedural due process, the plaintiff has the burden of proving the inadequacy of state processes including state damage remedies to redress the claimed wrong. In the present case, plaintiff has not shown that the state remedies prescribed for challenging the deprivation of property are inadequate to redress her grievance.
 
 
 6
 It appearing, therefore, that the question on which decision of this cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 7
 It is ORDERED that the motion to appoint counsel is denied and the final order of the district court is hereby affirmed.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation